1  William N. Lobel (State Bar No. 93202)
   wlobel@lntlaw.com
2  Mike D. Neue (State Bar No. 179303)
   mneue@lntlaw.com
3  Derrick Talerico (State Bar No. 223763)
   LOBEL, NEUE & TILL, LLP
4  840 Newport Center Drive, Suite 750
   Newport Beach, CA 92660
5  Telephone:    (949) 999-2860
   Facsimile:    (949) 999-2870
6
   Reorganization Counsel for the Debtor
7  and Debtor-in-Possession, Marc Joseph Spizzirri

8
9              **UNITED STATES BANKRUPTCY COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11                    **SANTA ANA DIVISION**

12

| | |
|---|---|
| In re: | ) Case No.  8:13-bk-14702 MW |
| | ) |
| | ) Chapter 11 |
| MARC JOSEPH SPIZZIRRI, | ) |
| | ) |
| | ) Adversary No._____ |
| Debtor and | ) |
| Debtor-in-Possession. | ) |
| | ) **COMPLAINT FOR AVOIDANCE AND** |
| | ) **RECOVERY OF PREFERENTIAL** |
| _____ | ) **TRANSFERS PURSUANT TO** |
| | ) **11 U.S.C. §§ 547(b) AND 550(a)** |
| MARC JOSEPH SPIZZIRRI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| MACH-1 AUTOGROUP, a Delaware | ) |
| corporation; MACH-1 RSMH, LLC, a | ) |
| California limited liability company; CRAIG | ) |
| BAPTISTE, an individual, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| _____ | ) |

26  ///

27  ///

28  ///

1151681.1

1    Plaintiff, Marc Joseph Spizzirri ("Debtor"), alleges the facts set forth below based upon his

2    information and belief:

3    **JURISDICTION AND VENUE**

4    1.    This Court has subject matter jurisdiction under 28 U.S.C. §§ 157 and 1334 in that

5    this adversary proceeding arises under title 11 of the United States Code (the "Bankruptcy Code"),

6    and arises in and is related to chapter 11 cases filed by the Debtors in the United States

7    Bankruptcy Court for the Central District of California, Case No. 8:13-bk-14702 MW.

8    2.    This Court has jurisdiction to adjudicate the issues raised in this adversary

9    proceeding under 28 U.S.C. § 1334(b).

10    3.    This Complaint involves core proceedings pursuant to subsections (A), (F), and (O)

11    of 28 U.S.C. § 157(b)(2).

12    4.    Venue for this adversary proceeding is proper in this Court pursuant to

13    28 U.S.C. § 1409.

14    5.    This proceeding to avoid and preserve preferential transfers is an adversary

15    proceeding within the meaning of Federal Rule of Bankruptcy Procedure 7001.

16    **PARTIES**

17    6.    On May 30, 2013 (the "Petition Date"), Debtor filed a voluntary petition with this

18    Court under chapter 11 of the Bankruptcy Code.

19    7.    Defendant Mach-1 Autogroup ("Autogroup") is a Delaware corporation with its

20    principal place of business in Orange County, California.  Autogroup is owned and operated by

21    Craig Baptiste and his brother Barry Baptiste.

22    8.    Defendant Mach-1 RSMH, LLC, formerly known as Mach-1 Family Honda LLC

23    ("Family Honda"), is a California limited liability corporation with its principal place of business

24    in Orange County, California.  Family Honda is owned and operated by Autogroup.

25    9.    Defendant Craig Baptiste ("Baptiste," together with Autogroup and Family Honda,

26    the "Defendants") is an individual, residing in Virginia Beach, Virginia.

27

28

1151681.1

1

## CLAIM FOR RELIEF

2

## (For Avoidance and Recovery of Preferential Transfers

3

## Pursuant to 11 U.S.C. §§ 547(b) and 550(a))

4    10.    Plaintiff incorporates paragraphs 1 through 9 by reference, as though set forth here

5    in full.

6    11.    Prior to commencing his chapter 11 case, Debtor was an owner and operator of a

7    number of auto dealerships, including Chevrolet, Ford, Toyota, and Honda dealerships.

8    12.    In June 2008, Autogroup approached Debtor seeking to purchase Family

9    Investment Company dba, Family Honda.  An agreement was reached, and the purchase was

10   scheduled to close in July 2008, for the purchase price of approximately $15 million.  Autogroup

11   claimed that it was unable to obtain financing due to the economic downturn and it was unable to

12   close on the acquisition of Family Honda.

13    13.    In late September 2008, Autogroup came back to Debtor with new funds and a new

14   offer to purchase Family Honda for approximately $8 million.  An agreement was reached in

15   October 2008 and scheduled to close at the end of December 2008.  Debtor allowed Autogroup

16   and Baptiste to be present in the dealership in order to ensure a smooth transition for them and the

17   employees of Family Honda.

18    14.    Autogroup was unable to close on the dealership purchase as scheduled.  Again,

19   Debtor renegotiated a new deal for Autogroup to purchase the assets of Family Honda, at a price

20   less than the October 2008 agreement.  This agreement went into effect on January 15, 2009.

21   Autogroup continued to fail in its efforts to purchase the dealership and finally surrendered

22   possession back to Debtor in April 2009.

23    15.    While Autogroup was managing the Family Honda business, the business lost

24   significant amounts of money, and Debtor was forced to advance money to keep the business

25   operating.  Autogroup attempted to block the sale of the Family Honda assets to other buyers and

26   consequently drove the price down significantly.  Family Honda was ultimately sold to another

27   buyer in November 2009, for approximately $3 million.

28

1151681.1

16. Family Honda brought suit in the Orange County Superior Court of California (the "Superior Court") against Autogroup to prevent interference with the sale and to seek recovery for damages. The case went to trial and the judge found Autogroup in breach of contract, but awarded no damages. Autogroup, in a counterclaim, sought the return of funds invested in Family Honda, and named Debtor as a defendant.

17. In the fall of 2012, the Superior Court entered a judgment against Debtor and other cross-defendants. The judgment was entered for $1,550,000, plus interest, bringing the total judgment to approximately $2.1 million (the "Judgment").

18. Debtor and cross-defendants filed a notice of appeal of the Judgment on December 7, 2012, and an appeal of the Judgment is currently pending before Fourth Appellate District of the California Court of Appeal (the "Appeal"). A motion for relief from the automatic stay to allow Debtor to prosecute the Appeal is currently pending before this Court.

19. During the ninety days prior to the Petition Date, on March 1, 2013, Defendants obtained a charging order (the "Charging Order Transfer") against Debtor's economic interest in Auto Orange II, LLC ("Auto Orange").

20. On May 17, 2013, the Superior Court conducted a judicial foreclosure of Debtor's economic interest in Auto Orange (the "Foreclosure Transfer," together with the Charging Order Transfer, the "Transfers"). Defendants were the sole and winning bidder at the Foreclosure Transfer, obtaining Debtor's economic interest in Auto Orange in exchange for a credit bid of $1,000.00 (the "Purchase Price").

21. Each Transfer was made to, or for the benefit of Defendants, each a creditor of Debtor.

22. Each Transfer was for or on account of an antecedent debt owed by Debtor before each Transfer was made.

23. Each Transfer was made while Debtor was insolvent.

24. Each Transfer was made on or within 90 days before the Petition Date.

25. As a result of each of the Transfers, Defendants received more than Defendants would have received if: (i) Debtor's case was a case under chapter 7 of the Bankruptcy Code; (ii)

- 3 -

1 the Transfer had not been made; and (iii) Defendants received payment on the Judgment in

2 accordance with the provisions of the Bankruptcy Code.

3      26.    Each of the Transfers was made outside the ordinary course of business of Debtor

4 and Defendants.

5      27.    Debtor is entitled to avoid each of the Transfers pursuant to section 547(b) of the

6 Bankruptcy Code.

7      28.    Pursuant to section 550(a) of the Bankruptcy Code, Debtor may recover each of the

8 Transfers from Defendants as the initial and immediate transferees of the Transfers.

9      WHEREFORE, Debtor prays for a judgment granting the following relief:

10      1.    For a judgment under 11 U.S.C. § 547 declaring the Foreclosure Transfer to be null

11 and void;

12      2.    For a judgment under 11 U.S.C. § 547 declaring the Charging Order Transfer to be

13 null and void;

14      3.    For return of any amounts collected pursuant to or as a result of the Charging Order

15 Transfer or the Foreclosure Transfer;

16      4.    For costs of suit herein;

17      5.    For interest after judgment at the maximum legal rate until the date the judgment is

18 paid; and

19      6.    For such other and further relief as the Court deems appropriate.

20 Dated: August 8, 2013                   LOBEL, NEUE & TILL, LLP

21

22                                 By:

23                                   Derrick Talerico

                                Counsel for Marc Joseph Spizzirri

24

25

26

27

28

1151681.1