FILED & ENTERED

OCT 21 2013

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY deramus  DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SANTA ANA DIVISION

| | |
|---|---|
| In re: <br><br> Marc Joseph Spizzirri <br><br> Debtor(s). | CHAPTER 11 <br><br> Case No.:  8:13-bk-14702-MW <br> Adv. No.:  8:13-ap-01265-MW |
| Marc Joseph Spizzirri <br><br> Plaintiff(s), <br><br> v. <br><br> Craig Baptiste, Mach-1 Autogroup, Mach-1 RSMH LLC <br><br> Defendant(s). | **MEMORANDUM DECISION AND ORDER** <br><br> Date:  October 9, 2013 <br> Time:  9:00 <br> Courtroom:  6C <br>   411 West Fourth Street <br>   Santa Ana, CA 92701 |

  This matter comes before the Court on the motion of defendants Mach-1 Autogroup ("Autogroup"), Craig Baptiste and Mach-1 RSMH LLC (collectively, "Defendants") to dismiss an adversary complaint against them filed by plaintiff-debtor Marc Joseph Spizzirri ("Debtor") on the ground that the complaint fails to state a claim upon which relief can be granted. Fed. R. Bankr. P. 7012(b) (making applicable Federal Rule of Civil Procedure 12(b)(6)). The complaint seeks avoidance and recovery of preferential transfers pursuant to 11 U.S.C. §§ 547(b) and 550(a).

The complaint generally alleges that Autogroup obtained a judgment against Debtor in Orange County Superior Court for $1,550,000 (plus interest) in the autumn of 2012. Debtor appealed from the judgment to the Fourth Appellate District of the California Court of Appeal.  The complaint further alleges that Defendants obtained a charging order against Debtor's economic interest in Auto Orange II, LLC ("Auto Orange") on March 1, 2013, that a judicial foreclosure sale pursuant to the charging order occurred on May 17, 2013 and that Defendants were the sole and winning bidders at the sale, obtaining Debtor's economic interest in Auto Orange in exchange for a credit bid of $1,000.

In view of the fact that Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code on May 30, 2013, Debtor alleges in the adversary complaint that both the imposition of the charging order lien and the foreclosure sale constitute voidable preferences under 11 U.S.C. §§ 547(b) and 550(a).

Defendants' argument in their motion to dismiss is twofold.  First, they contend that the complaint fails to state a claim upon which relief can be granted with respect to the charging order because the charging order lien arose not on March 1, 2013 when the charging order was entered, but instead on January 30, 2013 (a date outside the 90 day measuring period for preferential transfers) when Autogroup filed its notice of motion and motion for the charging order.  Defendants assert that the lien was created on January 30, 2013 under California law, specifically, California Civil Procedure Code section 708.320(a).

Second, Defendants argue that as a matter of law a judicial foreclosure sale cannot be a preferential transfer, citing cases holding that prepetition payments to a fully secured creditor are not preferential because such creditor would not receive more than it would have received in a chapter 7 liquidation.

Defendants' motion is supported by a request for judicial notice of the charging order, the motion for the charging order and other pleadings and documents.  The Court grants this request for judicial notice.

It is hornbook law that in ruling on a motion to dismiss pursuant to Rule 12(b)(6) a court must accept as true all material factual allegations set forth in the complaint but need

1  not accept conclusory allegations of law.  "To survive a motion to dismiss, a complaint must
2  contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible
3  on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 672, 678 (2009) (citing *Bell Atlantic Corp. v.*
4  *Twombly*, 550 U.S. 544, 570 (2007)).

5        California Civil Procedure Code section 708.320(a) indeed provides that a lien on a
6  judgment debtor's interest in a partnership or limited liability company is created by service
7  of a notice of motion for a charging order on the judgment debtor and the partnership or
8  limited liability company.  Although nothing in section 708.320(a) addresses the means and
9  manner of perfecting such a lien, the Bankruptcy Appellate Panel for the Ninth Circuit has
10 indicated that a charging order lien is perfected when the charging order is signed and filed.
11 *Zimmerman v. Southern California Bank (In re Hilde)*, 189 B.R. 776 (B.A.P. 9th Cir. 1995).
12 Here, the charging order was signed and filed on March 1, 2013.  Under Bankruptcy Code
13 section 547(e)(2)(A), with certain exceptions not relevant in this case, a transfer is made at
14 the time such transfer takes effect between the transferor and transferee if such transfer is
15 perfected at or within 30 days after such time.  Because March 1, 2013 is within 30 days of
16 January 30, 2013, the "transfer" (i.e., the imposition of the lien) relates back to January 30,
17 2013, and therefore is outside the 90 day preference period.  Accordingly, the complaint fails
18 to state a claim upon which relief can be granted insofar as it seeks a determination that the
19 imposition of the charging order lien was preferential.

20     The resolution of Defendants' second argument turns on a case that none of the
21 parties has cited.  In *Ehring v. Western Community Money Center (In re Ehring),* 900 F.2d
22 184 (9th Cir. 1990), the United States Court of Appeals for the Ninth Circuit determined that
23 a secured creditor making a credit bid at a nonjudicial foreclosure sale cannot receive more
24 than it would receive in a chapter 7 liquidation (except perhaps if the sale is defective) and
25 therefore there is no avoidable preference.
26 //
27 //
28 //

*Ehring* is controlling authority and leads to the result that Debtor fails to state a claim upon which relief can be granted with respect to the judicial foreclosure. As a matter of law, under *Ehring*, the foreclosure sale of Auto Orange to Defendants on May 17, 2013 was not an avoidable preference because Defendants did not receive more than they would have received in a chapter 7 liquidation. This holds true irrespective of the price that Auto Orange would have yielded if it had been in a more leisurely and orderly sale involving a willing buyer and a willing seller, neither being under compulsion to buy or sell and each has knowledge of all material facts. Although a judicial foreclosure is distinct from a nonjudicial foreclosure, this is a distinction without a difference because the Ninth Circuit made it clear in *Ehring* that it is irrelevant whether a foreclosure sale results in a selling price lower than the price that could be obtained in a more orderly sale where neither party is under a compulsion to buy or sell. *Ehring, supra,* 900 F.2d at 188 n.2.

Were this Court writing on a clean slate – in other words, if *Ehring* had never been decided – it would not dismiss the complaint with respect to the allegations that the foreclosure was an avoidable preference. *Ehring* reasons that the creditor who made the credit bid at the foreclosure sale did not receive more than it would have received if an unrelated third party had made a cash bid equal in amount to the credit bid ($199,746.41). However, that does not appear to be correct. The creditor in *Ehring* received (by virtue of its successful credit bid) property having a fair market value of approximately $390,000. If an unrelated third party had made a cash bid of $199,746.41, the creditor would have received only $199,746.41 (or perhaps a slightly lesser sum after expenses of sale are taken into account). Additionally, it is highly likely, as a practical matter, that a chapter 7 trustee who came into possession of real property with a fair market value of $390,000 and a lien against it of $199,746.41 would enlist the services of a real estate agent and sell the property for the benefit of the estate. In this scenario, the creditor would receive approximately $199,746.41. This is considerably less than receipt of property worth $390,000 obtained by the creditor through the credit bid.

//

Nevertheless, this Court is bound to follow *Ehring*. For the foregoing reasons, the adversary complaint is dismissed without leave to amend.

IT IS SO ORDERED.

###

Date: October 21, 2013

Mark S. Wallace
United States Bankruptcy Judge

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*): **MEMORANDUM DECISION AND ORDER** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner stated below:

**1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBRs, the foregoing document was served on the following persons by the court via NEF and hyperlink to the judgment or order. As of 10/18/13, the following persons are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email addresses stated below.

- Mike D Neue    mneue@lntlaw.com, jokeefe@lntlaw.com;nlockwood@lntlaw.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY THE COURT VIA UNITED STATES MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States mail, first class, postage prepaid, to the following persons and/or entities at the addresses indicated below:

**Marc Joseph Spizzirri**
30721 Hunt Club Drive
San Juan Capistrano, CA 92675

**Joshua M Wolff**
Wolff Law Corp
9160 Irvine Center Dr Ste 200
Irvine, CA 92618

☐ Service information continued on attached page

**3. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an Entered stamp, the party lodging the judgment or order will serve a complete copy bearing an Entered stamp by United States mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following persons and/or entities at the addresses, facsimile transmission numbers, and/or email addresses stated below:

☐ Service information continued on attached page

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9021-1.1.NOTICE.ENTERED.ORDER**